UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

HYUNDAI MOTOR FINANCE COMPANY,

               HMFC,

    - against -

FALCON MOTORS, INC., SAEID TEHRANI,
ARIEL TEHRANI, EDMOND GEULA AND
EXECUTIVE MOTORS, LTD.,

                 Defendants.
------------------------------------------------------------------

Civil Action No. _____

# 08 CIV. 1262

## JUDGE KARAS

**PLAINTIFF, HYUNDAI MOTOR FINANCE COMPANY'S
MOTION FOR ORDER TO SHOW CAUSE FOR WRIT OF
<u>REPLEVIN AND TEMPORARY RESTRAINING ORDER</u>**

     Plaintiff, Hyundai Motor Finance Company (hereinafter "HMFC"), by its counsel Deily,

Mooney & Glastetter, LLP, as and for a Motion for an Order to Show Cause For Writ of

Replevin and Temporary Restraining Order states the following as grounds therefor:

     1.     HMFC commenced an action against Falcon Motors, Inc. ("Falcon"), Saeid

Tehrani, Ariel Tehrani, Edmond Geula and Executive Motors, Ltd. (collectively "Defendants")

seeking recovery of possession of certain property subject to the security interests of HMFC,

together with monetary damages for the alleged breach of various contracts by the Defendants.

Pursuant to CPLR §7101 *et seq*, and Federal Rule of Civil Procedure 65(b), HMFC moves for

the issuance of a Writ of Replevin and Temporary Restraining Order to allow HMFC to obtain

possession of its contractually and legally secured Collateral and to prevent Defendants from

wrongfully transferring or divesting assets to which HMFC is entitled.

     2.     For a full recitation of the grounds for the issuance of a Writ of Replevin and

Temporary Restraining Order, the Court's attention is respectfully directed to the allegations

contained in the Complaint and in the accompanying Affidavit of Sam Frobe, National Manager-Commercial Credit of HMFC, sworn to on the _6th_ day of February, 2008. In the interest of brevity, those facts are not repeated herein. The contents of the Complaint and the Frobe Affidavit are incorporated by reference herein and made a part hereof. The relevant facts are summarized below.

3.     Defendant Falcon Motor's Inc. ("Falcon"), is an automobile dealership. The president of the dealership is Defendant Saeid Tehrani. Defendants Saeid Tehrani, Ariel Tehrani, Edmond Geula and Executive Motors, Ltd. are guarantors of the obligations of Falcon to HMFC.

4.     HMFC financed Falcon's acquisition of automobiles and other inventory and was granted a security interest in such automobiles, inventory and other collateral pursuant to various financing agreements, including a Inventory Loan and Security Agreement ("ILSA") and other related documents (collectively referred to as the "Financing Agreements"). Falcon has materially breached those agreements by, among other things, selling vehicles which are subject to HMFC's security interest without remitting any of the sale proceeds to HMFC (a situation known as "sales out of trust" or "SOT") and failing to pay considerable sums due and owing under the Financing Agreements.

5.     As more fully set forth in the Complaint and the accompanying Affidavit, the Defendants have failed to comply with the demands set forth in HMFC's demand letter dated January 15, 2008.

6.     Although specifically demanded, Defendants have failed, refused and neglected to make payment of the outstanding indebtedness or surrender possession of all the Collateral.

7.     Due to the intrinsic portable and/or disposable nature of the property, to wit, new

2

and used motor vehicles, parts and accessories, and funds on deposit in banking institutions, it is

respectfully submitted that sufficient cause exists for the immediate issuance of a Temporary

Restraining Order to avoid irreparable injury to the interests of HMFC in its Collateral.

       8.     A Memorandum of Law in support of the requested relief is also filed herewith.

       9.     No prior application for the relief requested has been made to this or any other

court.

      WHEREFORE, it is respectfully requested that the Court issue an Order enjoining and

restraining Defendants as prayed for in the Order to Show Cause accompanying this Motion,

pending formal hearing of the instant Motion and, after such hearing, issue a Writ of Replevin

plus the costs and disbursements of this action and for such other and further relief as to the

Court may seem just and proper.

DATED:     February _7_, 2008
            Albany, New York

F. Matthew Jackson, Esq.
Deily, Mooney & Glastetter, LLP
Attorneys for Plaintiff Hyundai Motor
Finance Company
8 Thurlow Terrace
Albany, NY 12203
Ph.  (518) 436-0344
Fax (518) 436-8273
e-mail:  mjackson@deilylawfirm.com

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

HYUNDAI MOTOR FINANCE COMPANY,                    **Civil Action No. _____**

                              HMFC,

      - against -                                 **08 CIV. 1262**

FALCON MOTORS, INC., SAEID TEHRANI,
ARIEL TEHRANI, EDMOND GEULA AND
EXECUTIVE MOTORS, LTD.,                           **JUDGE KARAS**

                              Defendants.
-----------------------------------------------------------------

### AFFIDAVIT OF SAM FROBE

STATE OF CALIFORNIA    )
COUNTY OF              ) ss.:

       SAM FROBE, being duly sworn deposes and says:

       1.      I am a National Manager-Commercial Credit for Hyundai Motor Finance

Company (hereinafter "HMFC").

       2.      This Affidavit is submitted in support of a motion for an Order directing the

Defendants, Falcon Motors, Inc. ("Falcon"), Saeid Tehrani, Ariel Tehrani, Edmond Geula and

Executive Motors, Ltd. (collectively the "Defendants") to show cause why an Order of Seizure

should not be made and entered herein, pursuant to CPLR §7101 *et seq,* made applicable to this

proceeding by Fed. R. Civ. P. 64, directing the U.S. Marshall or Sheriff of Westchester County,

New York, to seize certain property hereinafter described and presently believed to be in the

possession of Defendant Falcon and located at 15 Kensico Drive and 774 N. Bedford Road,

Mount Kisco, New York 10549.

3.      This affidavit is also submitted in support of HMFC's request for a Temporary Restraining Order, pursuant to Fed. R. Civ. P. 65, requesting an order directing that the Defendants, and all persons acting in concert with them, be restrained and enjoined from dismantling, removing, concealing, assigning, using, hiding, selling, disposing of, transferring, encumbering, commingling, or permitting any of HFMC's Collateral to become subject to a security interest or lien or otherwise acting in any manner inconsistent with the HMFC's interest in such Collateral.

4.      This affidavit is based upon information derived from the books and records maintained by HMFC in the ordinary course of business regarding Defendants, through conversations with representatives of Defendants and employees of HMFC and by personal visits to said locations by representatives of HMFC.  The visits to the dealerships were conducted at my direction.

## A. ESTABLISHMENT OF CREDIT FACILITIES

5.      On or about July 31, 2007, Falcon entered into an Inventory Loan and Security Agreement (hereinafter the "ILSA") with HMFC whereby HMFC agreed to provide secured wholesale inventory floor plan financing to Falcon.  Under the ILSA, lending to Falcon is discretionary.  A true and correct copy of the ILSA is annexed hereto as Exhibit "A".

6.      HMFC has properly perfected its security interests in the Collateral by filing of a financing statement with the New York Secretary of State as required by the Uniform Commercial Code adopted in the State of New York at the time of the filing.  A true and complete copy of the UCC-1 filing is annexed hereto as Exhibit "B".

7.      As part of HMFC's extension of credit to Falcon, it required that Defendants Saeid Tehrani, Ariel Tehrani, Edmond Geula and Executive Motors, Ltd. execute Continuing

Guarantees of the obligations of Falcon. True and correct copies of the Continuing Guarantees are annexed hereto collectively as Exhibit "C". Defendant Saeid Tehrani is the President of Falcon.

## B. FALCON DEFAULTS

8.      As more fully set forth below, Falcon has been and is currently in material default under the terms and conditions under its various financing agreements with HMFC.

9.      HMFC has determined that Falcon, at various times, was and is in default of its various obligations to HMFC as follows:

a. Falcon has engaged in sales out of trust ("SOT") by failing to remit payment of the balance due on the sale of vehicles, more particularly described in Exhibit "D", as required by the ILSA;

b. Falcon is and has consistently been below the minimum capitalization amounts required by HMFC under the ILSA;

c. Falcon has failed to pay sums due and owing for wholesale interest obligations.

10.     HMFC presented a Demand Letter to Defendants on or about January 15, 2008, advising Defendants of various defaults and providing an opportunity to cure the defaults. A copy of said letter is annexed hereto as Exhibit "E". Defendants, however, failed to cure the defaults or otherwise address their serious undercapitalization and other defaults under the ILSA.

11.     The ILSA (page 3) clearly provides, in relevant part, that the failure to make any payment due constitutes an event of default. Further, upon such default, HMFC is entitled to demand immediate payment in full of all loans and obligations, including principal, interest, costs, expenses, attorneys' fees and other fees and charges.

12.    To date, Falcon has failed and/or refused to cure its payment defaults under the ILSA and is currently obligated to HMFC in the following amounts:

a.    New Vehicles:              $1,020,867.00

b.    Used Vehicles:            $194,300.00

c.    SOT Vehicles:            $316,265.98

d.    Interest and fees (as of 2/4):  $15,827.22

          TOTAL:                $1,547,260.20

## C. HMFC'S RIGHT TO POSSESSION OF COLLATERAL

13.    The ILSA (page 3) provides that "Upon the occurrence of an Event of Default, Lender may, in its discretion, accelerate the entire indebtedness due from Dealer and may take immediate possession of the Collateral without demand or further notice and without legal process." Therefore, HMFC was within its rights to terminate Falcon's financing.

14.    Based upon the latest financial statements in its possession, HMFC estimates the value of the dealership's Collateral including vehicle and automotive parts has an aggregate value of an amount not to exceed $1,316,202.00____.

15.    Pursuant to New York law, HMFC has posted a Bond in double the value of the Collateral or $__2,634,404.00___. A Bond in this amount has been filed contemporaneously herewith.

16.    HMFC is thus entitled to an Order of Seizure of the Collateral, and the inclusion therein of a provision authorizing the U.S. Marshall or Sheriff to break open, enter, and search for the Collateral at 15 Kensico Drive and 774 N. Bedford Road, Mount Kisco, New York

10549, on the basis of the aforementioned information that this is the place where the Collateral

is located. The last known addresses of the Defendants are those stated in the Complaint.

17.    An Order to Show Cause is sought herein because no other method is available to

promptly bring the Defendants before this Court within the time constraints required in this

matter.

### D. TEMPORARY RESTRAINING ORDER

18.    HMFC further seeks a Temporary Restraining Order herein because the Collateral

sought to be seized is, by its intrinsic nature (motor vehicles and automotive parts), portable and

subject to removal from one location to another by any number of independent contractors or

private individuals. The Defendants' past course of conduct in failing to make payments, selling

vehicles without remitting the proceeds to HMFC, a flagrant violation of the ILSA, and failing to

surrender possession of the Collateral indicates that HMFC may face a substantial risk of

removal and/or transfer of its Collateral and compels HMFC to seek a Temporary Restraining

Order to restrain the Defendants from taking any action to jeopardize HMFC's interest in the

Collateral, and to permit the Court to set an early return date on the Motion for an Order of

Seizure.

19.    HMFC has not applied for any other provisional remedy in this action.

20.    HMFC knows of no defense to its claim.

21.    Upon information and belief, the Collateral has not been taken as a tax

assessment, or fine issued pursuant to any statute.

WHEREFORE, it is respectfully requested that the Court issue, pursuant to Fed. R. Civ.

P. 65, an Order to Show Cause and a Temporary Restraining Order restraining the Defendants

from taking any action with respect to the above-described Collateral, as hereinabove requested

and after a hearing, grant an Order of Seizure, pursuant to CPLR §7101 *et seq* and Fed. R. Civ.

P. 64, authorizing the U.S. Marshall or Sheriff of Westchester County, or any other county of the

State of New York where the Collateral may be located, to seize the Collateral described above

from the possession of the Defendants, together with costs and disbursements of this action and

for such other and further relief as to the Court may seem just and proper.

_____
Sam Frobe, National Manager-
Commercial Credit

Sworn to before me this
_____ day of February, 2008

_____
Notary Public

KERI T. ERKENBRACK
Commission # 1678567
Notary Public - California
Orange County
My Comm. Expires Jul 26, 2010

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

HYUNDAI MOTOR FINANCE COMPANY,         **Civil Action No. _____**

        Plaintiff,

  - against -

FALCON MOTORS, INC., SAEID TEHRANI,      **08 CIV. 1262**
ARIEL TEHRANI, EDMOND GEULA AND
EXECUTIVE MOTORS, LTD.,

        Defendants.      **JUDGE KARAS**
-----------------------------------------------------------------

## MEMORANDUM OF LAW IN SUPPORT OF
## INJUNCTIVE RELIEF AND ORDER OF SEIZURE

This Memorandum of Law is submitted by Plaintiff, Hyundai Motor Finance Company (hereinafter "HMFC") in support of its Motion for a Temporary Restraining Order, Preliminary Injunction, and Order of Seizure against the Defendants, Falcon Motors, Inc., Saeid Tehrani, Ariel Tehrani, Edmond Geula and Executive Motors, Ltd. (hereinafter collectively referred to as "Defendants").

Rule 64 of the Federal Rules of Civil Procedure provides, in pertinent part, that "at the commencement of and during the course of the action, all remedies providing for seizure of . . . property for the purpose of securing satisfaction of the judgment . . . are available . . . [as] provided by the law of the state" in which the court sits. Thus, provisional remedies provided for under New York law are available under Rule 64.

CPLR §7101 *et seq* —applicable to this proceeding by virtue of Rule 64—provides remedies for the replevin of personal property at the commencement of the action. Upon

presentation of a bond of at least twice the value of the property to be replevied (see, CPLR

§7102), and upon a finding that plaintiff will probably succeed on the merits and that the facts as

stated in the supporting affidavit are true, CPLR §7101 *et seq*. provides that such property be

replevied.

HMFC submits that the Affidavit of Sam Frobe establishes:

1.      HMFC is entitled to possession of the property in which it has a security interest

(the "Collateral"), by virtue of the default of Defendants and the contractual entitlement to

possession upon such default.

2.      That the Collateral is wrongfully held by Defendants by virtue of their failure to

surrender possession upon default as contractually required.

3.      A statement that the aggregate value of the Collateral does not exceed

$1,316,202.00.

4.      A statement showing facts sufficient to establish that the Collateral is located at

the Defendants' place of business at 15 Kensico Drive and 774 N. Bedford Road, Mount Kisco,

New York 10549.

5.      That no defense to HMFC's claim is known to it.

HMFC further submits that the facts recited in the Affidavit of Sam Frobe establish that

HMFC will in all likelihood succeed on the merits of its claim against the Defendants.  Given

these facts and the relevant law, it is respectfully submitted that the Court should issue a

Temporary Restraining Order and an Order of Seizure.

Dated: February  7  , 2008
      Albany, New York

Respectfully submitted,

*Matthew Jackson* _____
F. Matthew Jackson, Esq.
Deily, Mooney & Glastetter, LLP
Attorneys for Plaintiff, Hyundai Motor
Finance Company
8 Thurlow Terrace
Albany, NY 12203
Ph. (518) 436-0344
Fax (518) 436-8273
e-mail: mjackson@deilylawfirm.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FEB - 7 2008

USDC WP SDNY

| | |
|---|---|
| HYUNDAI MOTOR FINANCE COMPANY | Plaintiff, |
| -v- | |
| FALCON MOTORS, INC., SAEID TEHRANI, ARIEL TEHRANI, EDMOND GEULA, ET AL. | Defendant. |

**08 CIV. 1262**

Case No.

**Rule 7.1 Statement**

**JUDGE KARAS**

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for

HYUNDAI MOTOR FINANCE COMPANY                    (a private non-governmental party)

certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

Hyundai Motor America, a California corporation, is the majority owner of Hyundai Motor Finance Company.  Kia Motors America, also owns a portion of their shares.

**Date:**   February 7, 2008

Signature of Attorney

**Attorney Bar Code:**   FJ9396