```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HYUNDAI MOTOR FINANCE COMPANY,  )
                                )
        Plaintiff,              )      CIVIL ACTION NO.
                                )      08-CIV-1262
v.                              )
                                )
FALCON MOTORS, INC., SAEID TEHRANI, )
ARIEL TEHRANI, EDMOND GEULA AND )
EXECUTIVE MOTORS, LTD.          )
                                )
        Defendants.             )

## STIPULATED INTERIM ORDER REGARDING
## MOTION FOR PREJUDGMENT ORDER OF SEIZURE

This action came before the Court for the entry of an order on Plaintiff's Motion for Prejudgment Order of Seizure. The Court entered its Order to Show Cause and Temporary Restraining Order on February 7, 2008 herein which, among other things, restrained the Defendants[1] from selling or transferring any of Plaintiff's Collateral, as defined in Plaintiff's Complaint, pending a hearing to be held on February 19, 2008. The Court has considered the agreement of the parties as to the terms set forth below and finds and concludes, after due deliberation and upon the consent of the parties, that the following terms are hereby approved and it is So Ordered that:

1. Except for sales to consumers negotiated and completed in the ordinary course of business, Defendants are temporarily enjoined and restrained from disposing of or moving from the current location of 774 North Bedford, Mt. Kisco, NY 10549 and 15 Kensico Drive, Mt. Kisco, NY 10549 (collectively the "Dealership Premises"), any collateral which is subject to Plaintiff's security

---

[1] Defendant Edmond Guela is not a party to this Stipulation. Mr. Guella is represented by Steve Legum, Esq. who has asserted that Defendant Guela never signed a Guaranty, which issue will be separately addressed.

4836-0713-8562.1

interest, which includes, but is not limited to, all inventory of vehicles, demonstrators, parts, display items, returns, repossessions and all additions or accessions thereto.

2. Defendants shall cause the return of all vehicle inventory[2] to the Dealership Premises within twenty-four (24) hours of the entry of this Order. All vehicle inventory, which it is hereby acknowledged is subject to Plaintiff's security interest shall remain on the Dealership Premises until the same are sold or are otherwise disposed of in accordance with this Order.

3. Defendants shall, immediately upon entry of this Order, turn over to Plaintiff or Plaintiff's agent or designee all original Manufacturers Statements of Origin ("MSO's") and titles to the vehicle inventory, to be held by Plaintiff or Plaintiff's agent or designee pending the payment of amounts owed on vehicles sold.

4. Upon the sale of any vehicle or other inventory item which is subject to Plaintiff's security interest, Defendants shall pay to Plaintiff all sums owed to it in connection with the sale of said vehicle or item. Said payment shall be made via wire transfer on the earlier of: (1) five (5) days from delivery of the vehicle to the purchaser or lessee; or (2) immediately upon receipt by Defendants of payment for such vehicle.

5. As of the entry of this Order, Defendants acknowledge previous sales of collateral that have gone unpaid totaling $290,433.38 (the "SOT Balance"). Defendants agree to pay $150,000 of the SOT Balance no later than 12:00 noon, Eastern Standard Time, February 15, 2008, and the remainder of the SOT Balance in full no later than 12:00 noon, Eastern Standard Time, February 21,

---

[2] The parties understand that some vehicles are not presently operable as they are being repaired off the premises. As to those vehicles, Defendants acknowledge that upon repair those vehicles will be returned to the Dealership Premises as per this Stipulation and Order.

4836-0713-8562 1

2008, by wire transfer to Plaintiff.

    6.    Plaintiff's wire transfer information is as follows:

```
Bank Name: Citibank / NY Branch
ABA #: 021000089
Account Name: Hyundai Motor Finance Company Account #:40545988
Payee Name: Hyundai Motor Finance Company
Bank Address: 111 Wall St., New York, NY 10005
```

    7.    Defendants shall have until March 13, 2008 to provide a commitment for financing sufficient to pay off all outstanding obligations of Defendants to Plaintiff. Defendants shall (a) make a prompt application to an Institutional Lender for financing; (b) furnish accurate and complete information regarding Defendants, as reasonably required; (c) pay all reasonable fees, points and charges required in connection with such application and loan; (d) pursue such application with diligence; (e) cooperate in good faith with such Institutional Lender to obtain such commitment; and (f) give reasonable notice to Plaintiff of the name and address of each Institutional Lender to which Defendant Falcon Motors, Inc. has made such application. Defendants shall comply with all requirements of such commitment (or of any other commitment accepted by Defendants) and shall furnish Plaintiff with a copy thereof promptly after receipt thereof. If such commitment is not issued on or before the Commitment Date of March 13, 2008, and Defendants have made every bona fide attempt to secure such financing, Plaintiff, may, in its sole discretion, extend the time for the purchasers to secure the financing commitment for a period not to exceed thirty (30) days. Defendants shall have thirty (30) days after such commitment to finalize such financing and pay all obligations then outstanding, including, without limitation, all reasonable fees and reasonable expenses incurred herein, to Plaintiff. Plaintiff shall also provide Defendants with the "pay off" amounts within twenty four (24) hours of Defendants' request.

4836-0713-8562.1

8. Defendants will allow Plaintiff to conduct physical audits and/or inspections of its business premises and of its books and records of account and any documents related to the same, at any time and without notice and shall allow Plaintiff's personnel to be present at or on such premises at all times and allow Plaintiff's personnel full access to all dealership computers, books and records, including, but not limited to, all reports of sale books, cash entry journals, deal jackets, and all banking records. Further, Plaintiff shall be permitted to maintain a "keeper" at the Dealership Premises, at all times, including without limitation, regular business hours, in order, *inter alia*, to hold keys, titles, and MSO's, monitor Collateral, and to collect and retain any and all proceeds thereof.

9. It is specifically understood and agreed that, if Plaintiff elects to place a keeper on the Dealership Premises, the keeper will be present for the purpose of protecting the interests of Plaintiff only, and will not participate in any way in the management of Defendants' business. Defendants agree, acknowledge, and understand that the business operations of Defendants shall continue to be controlled and managed by its principals, and not by Plaintiff. Defendants, and not Plaintiff, shall have sole responsibility for payment of taxes, rent, and other obligations. Neither this Order, nor the presence of any representative of Plaintiff on the Dealership Premises shall make or constitute Plaintiff as an agent for Defendants.

10. As additional consideration for Plaintiff's agreements herein, each Defendant, individually and respectively, shall execute a General Release, properly Notarized, which forever and unconditionally waives, releases, acquits and discharges any and all claims, demands, claims for relief or causes of action of whatever kind or character, whether accrued or unaccrued, known or

4836-0713-8562.1

unknown, now existing or arising hereafter, which each Defendant may hold or own, or claim to hold or own, or at anytime heretofore may have owned or held or claimed to own or hold, or at anytime hereafter may own or hold, or claim to own or hold, against Hyundai Motor Finance Company, its respective officers, employees, directors, agents, attorneys, predecessors, parents, and subsidiaries (and all officers, employees, directors, agents, and attorneys of such predecessors, parent, subsidiaries and affiliates) in the form annexed hereto as Exhibit "A". Each Defendant expressly acknowledges that this Agreement is to include in its effect, without limitation, claims of which they are unaware or do not expect to exist in their favor, arising out of or on account of, any transaction, happening or occurrence whatever, and that this Agreement contemplates the release and discharge of any and all such claims. Further, it is expressly agreed that the possibility that such claims exist, being known and understood by all parties, has been explicitly considered and taken into account in the execution hereof, for the purpose of implementing a full and complete release and discharge of the entities set forth above.

11. The provisions of this Order shall be binding on the Defendants, jointly and severally. If any Defendant or Plaintiff violates this Order, then they may be subject to punishment for contempt of court.

12. Should Defendants violate the terms of this Order (following twenty four (24) hours written notice to Defendants' counsel with regard to any default other than a payment default or default with regard to paragraph two (2) herein) Plaintiff shall be entitled to file ~~and~~ an Affidavit of  Default. Upon filing an Affidavit of Default with the Court and service upon Defendants and Defendants' counsel by facsimile, Defendants, and their respective servants, agents, employees, representatives, spouses, and all persons acting in concert with them, shall be immediately restrained

4836-0713-8562.1

from removing, transferring, dismantling, selling, pledging, trading, encumbering, commingling, using, concealing, hiding or otherwise disposing of, or permitting to become subject to a security interest or lien, any of the Collateral as described in Plaintiff's motion, including without limitation all vehicle inventory, parts inventory, and deposit accounts. Further, Plaintiff shall be entitled to take immediate possession of the Dealership Premises for purposes of assembling and protecting the Collateral until such time as it can reasonably arrange to remove the Collateral from the Dealership Premises.

13. A further hearing on the Motion shall be held on _April 3, 2008_, at _2:00_ am/**pm** at which time the Court shall consider whether: (1) the relief requested in the Motion should be granted at that time; (2) whether the terms of this order should be lifted, extended, or modified; or (3) such other further or different relief should be given to any party.

14. This document may be executed in counterparts and it is agreed that facsimile signatures may be deemed originals.

**Agreed and Stipulated to by:**

Counsel for Plaintiff:

*Matthew Jackson*
F. Matthew Jackson, Esq. (fj9396)
DEILY, MOONEY & GLASTETTER, LLP
8 Thurlow Terrace
Albany, New York 12203
(518)436-0344

Counsel for Defendants Falcon Motor's Inc., Saeid Tehrani, Ariel Tehrani and Executive Motors. Ltd.

_____
Matin Emouna, Esq. (me3933)
EMOUNA & MIKHAIL, PC
110 Old Country Road, Suite 3
Mineola, New York 11501
(516)877-9111

**SO ORDERED.**

4836-0713-8562 1

lien, any of the Collateral as described in Plaintiff's motion, including without limitation all vehicle inventory, parts inventory, and deposit accounts. Further, Plaintiff shall be entitled to take immediate possession of the Dealership Premises for purposes of assembling and protecting the Collateral until such time as it can reasonably arrange to remove the Collateral from the Dealership Premises.

13. A further hearing on the Motion shall be held on April 3, 2008, at 2:00 am/pm at which time the Court shall consider whether: (1) the relief requested in the Motion should be granted at that time; (2) whether the terms of this order should be lifted, extended, or modified; or (3) such other further or different relief should be given to any party.

14. This document may be executed in counterparts and it is agreed that facsimile signatures may be deemed originals.

**Agreed and Stipulated to by:**

Counsel for Plaintiff:

_____
F. Matthew Jackson, Esq. (fj9396)
DEILY, MOONEY & GLASTETTER, LLP
8 Thurlow Terrace
Albany, New York 12203
(518)436-0344

Counsel for Defendants Falcon Motor's Inc., Saeid Tehrani, Ariel Tehrani and Executive Motors, Ltd.

_____
Matin Emouna, Esq. (me3933)
EMOUNA & MIKHAIL, PC
110 Old Country Road, Suite 3
Mineola, New York 11501
(516)877-9111

**SO ORDERED.**

Dated: February 15, 2008

_____
Honorable Kenneth M. Karas
United States District Court Judge
Southern District of New York

4836-0713-8562.1

# EXHIBIT "A"

## GENERAL RELEASE

Hyundai Motor Finance Company ("Plaintiff"), and Falcon Motors, Inc., Saeid Tehrani, Ariel Tehrani and Executive Motors, Ltd. (individually each is a "Defendant" and collectively the "Defendants"), are parties to case no. 08-CIV-1262 pending in the United States District Court for the Southern District of New York (the "District Court Action"). As part of that certain Stipulated Interim Order Regarding Motion For Prejudgment Order Of Seizure, (the "Stipulated Order"), the Defendants agreed to, and hereby, fully release Plaintiff as follows:

As additional consideration for Plaintiff's agreements contained in the Stipulated Order, each Defendant, individually and respectively, forever and unconditionally waives, releases, acquits and discharges any and all claims, demands, claims for relief or causes of action of whatever kind or character, whether accrued or unaccrued, known or unknown, now existing or arising hereafter, which each Defendant may hold or own, or claim to hold or own, or at anytime heretofore may have owned or held or claimed to own or hold, or at anytime hereafter may own or hold, or claim to own or hold, against Hyundai Motor Finance Company, its respective officers, employees, directors, agents, attorneys, predecessors, parents, and subsidiaries (and all officers, employees, directors, agents, and attorneys of such predecessors, parent, subsidiaries and affiliates).

Each Defendant expressly acknowledges that this Agreement is to include in its effect, without limitation, claims of which they are unaware or do not expect to exist in their favor, arising out of or on account of, any transaction, happening or occurrence whatever, and that this Agreement contemplates the release and discharge of any and all such claims. Further, it is expressly agreed that the possibility that such claims exist, being known and understood by all

4845-3139-2770.1

parties, has been explicitly considered and taken into account in the execution hereof, for the purpose of implementing a full and complete release and discharge of the entities set forth above.

The Defendants represent that each is entering into this General Release freely and voluntarily, and has had the opportunity to consult with counsel.

In the event that any individual term or provision of this General Release is found by a court of competent jurisdiction to be void, unenforceable, invalid or unlawful, the remainder of this General Release shall remain in full force and effect.

Executed this ____ day of February, 2008.

FALCON MOTORS, INC.                          EXECUTIVE MOTORS, LTD.


By_____                  By_____

Its_____                  Its_____



_____               _____
Saeid Tehrani, individually                  Ariel Tehrani, individually


STATE OF NEW YORK       )
COUNTY OF _____   )ss.:

On this ____ day of February, 2008 before me personally appeared **Saeid Tehrani**, to me known, who, being duly sworn, did depose and say that he is the President of Falcon Motors, Inc., the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation; and that he signed his name thereto by like order.

_____
NOTARY PUBLIC

4845-3139-2770.1

STATE OF NEW YORK      )
COUNTY OF _____ )ss:

 On this ____ day of February, 2008 before me personally appeared **Saeid Tehrani**, to me known, who, being duly sworn, did depose and say that he is the President of Executive Motors, Ltd., the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation; and that he signed his name thereto by like order.

            _____
            NOTARY PUBLIC


STATE OF NEW YORK      )
COUNTY OF _____ )ss:

 On the ____ day of February, 2008, before me personally came **Saeid Tehrani**, to me known, and known to me to be the individual described in and who executed the foregoing instrument, and acknowledged to me that she executed the same.

            _____
            NOTARY PUBLIC


STATE OF NEW YORK      )
COUNTY OF _____ )ss:

 On the ____ day of February, 2008, before me personally came **Ariel Tehrani**, to me known, and known to me to be the individual described in and who executed the foregoing instrument, and acknowledged to me that she executed the same.

            _____
            NOTARY PUBLIC

4845-3139-2770.1