USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HYUNDAI MOTOR FINANCE COMPANY, )
)
Plaintiff, ) CIVIL ACTION NO.
) 08-CIV-1262
v. )
)
FALCON MOTORS, INC., SAEID TEHRANI, )
ARIEL TEHRANI, EDMOND GEULA AND )
EXECUTIVE MOTORS, LTD. )
)
Defendants. )

## STIPULATED ORDER REGARDING
## MOTION FOR PREJUDGMENT ORDER OF SEIZURE

This action came before the Court for the entry of an order on Plaintiff's Motion for Prejudgment Order of Seizure. The Court entered its Order to Show Cause and Temporary Restraining Order on February 7, 2008 herein which, among other things, restrained the Defendants[1] from selling or transferring any of Plaintiff's Collateral, as defined in Plaintiff's Complaint, pending a hearing to be held on February 19, 2008. On February 15, 2008 the Court entered a Stipulated Interim Order Regarding Motion for Prejudgment Order of Seizure and on April 3, 2008, Plaintiff filed an Affidavit of Default pursuant to the terms of said Order. The Court has considered the agreement of the parties as to the terms set forth below and finds and concludes, after due deliberation and upon the consent of the parties, that the following terms are hereby approved and it is So Ordered that:

1. Defendants shall, no later than 12:00 p.m. EST on Wednesday, April 9, 2008, make payment in full for all outstanding sales out of trust and wholesale interest charges due and owing. As of April 4, 2008, the balance due for sales out of trust was $2,910.72 and the balance

---

[1] Defendant Edmond Guela is not a party to this Stipulation. Mr. Guella is represented by Steve Legum, Esq. who has asserted that Defendant Guela never signed a Guaranty, which issue will be separately addressed.

due for wholesale interest was $20,392.34. Plaintiff's wire transfer information is as follows:

```
Bank Name: Citibank / NY Branch
ABA #: 021000089
Account Name: Hyundai Motor Finance Company Account #:40545988
Payee Name: Hyundai Motor Finance Company
Bank Address: 111 Wall St., New York, NY 10005
```

2.  Defendants shall, to the extent not already completed, deliver to Plaintiff all keys to motor vehicle inventory, which Plaintiff will retain in its possession until such time as a Plaintiff receives payment in full for a sold vehicle, at which time Plaintiff will deliver the keys and title to such vehicle.

3.  Plaintiff shall be entitled to place a "Keeper" on the dealership premises in order to monitor the dealership's operations and to protect plaintiff's collateral. It is specifically understood and agreed that, if Plaintiff elects to place a Keeper on the dealership premises, the Keeper will be present for the purpose of protecting the interests of Plaintiff only, and will not participate in any way in the management of Defendants' business. Defendants agree, acknowledge, and understand that the business operations of Defendants shall continue to be controlled and managed by its principals, and not by Plaintiff. Defendants, and not Plaintiff, shall have sole responsibility for payment of taxes, rent, and other obligations. Neither this Order, nor the presence of any representative of Plaintiff on the dealership premises shall make or constitute Plaintiff as an agent for Defendants. Defendants agree to cooperate with such Keeper.

4.  Defendants shall have until April 21, 2008 to provide a binding commitment for financing sufficient to pay off all outstanding obligations of Defendants to Plaintiff. Defendants shall have thirty (30) days after such commitment to finalize such financing and pay all obligations then outstanding, including, without limitation, all fees and expenses incurred herein, to Plaintiff, including all reasonable Keeper and attorneys fees incurred by Plaintiff. Plaintiff

shall provide Defendant the "pay off" amounts within 24 hours of Defendants' request.

    5.    Upon the sale of any vehicle or other inventory item which is subject to Plaintiff's security interest, Defendants shall pay to Plaintiff all sums owed to it in connection with the sale of said vehicle or item. Said payment shall be made via wire transfer on the earlier of: (1) five (5) days from delivery of the vehicle to the purchaser or lessee; or (2) immediately upon receipt by Defendants of payment for such vehicle.

    6.    Defendants agree to and acknowledge that the Court shall execute and file, upon the entry of this Stipulated Order, the Order of Seizure annexed hereto as Exhibit "A", which Order of Seizure shall be immediately effective and non-appealable. Defendants acknowledge that Plaintiff shall be entitled to immediately exercise its rights pursuant to said Order of Seizure without further Court intervention.

    7.    Defendants will allow Plaintiff to conduct physical audits and/or inspections of its business premises and of its books and records of account and any documents related to the same, at any time and shall allow Plaintiff's personnel to be present at or on such premises at all times and allow Plaintiff's personnel full access to all dealership computers, books and records, including, but not limited to, all reports of sale books, cash entry journals, deal jackets, and all banking records.

    8.    As additional consideration for Plaintiff's agreements herein, each Defendant, individually and respectively, shall execute a General Release, properly Notarized, which forever and unconditionally waives, releases, acquits and discharges any and all claims, demands, claims for relief or causes of action of whatever kind or character, whether accrued or unaccrued, known or unknown, now existing or arising hereafter, which each Defendant may hold or own, or claim to hold or own, or at anytime heretofore may have owned or held or claimed to own or hold, or at anytime hereafter may own or hold, or claim to own or hold, against Hyundai Motor

Finance Company, its respective officers, employees, directors, agents, attorneys, predecessors, parents, and subsidiaries (and all officers, employees, directors, agents, and attorneys of such predecessors, parent, subsidiaries and affiliates) in the form annexed hereto as Exhibit "A". Each Defendant expressly acknowledges that this Agreement is to include in its effect, without limitation, claims of which they are unaware or do not expect to exist in their favor, arising out of or on account of, any transaction, happening or occurrence whatever, and that this Agreement contemplates the release and discharge of any and all such claims. Further, it is expressly agreed that the possibility that such claims exist, being known and understood by all parties, has been explicitly considered and taken into account in the execution hereof, for the purpose of implementing a full and complete release and discharge of the entities set forth above.

11. The provisions of this Order shall be binding on all Defendants, jointly and severally. If any Defendant violates this Order, then they may be subject to punishment for contempt of court.

**Agreed and Stipulated to by:**

DEILY, MOONEY & GLASTETTER, LLP
Counsel for Plaintiff

EMOUNA & MIKHAIL, PC
Counsel for Defendants Falcon Motor's Inc., Saeid Tehrani, Ariel Tehrani and Executive Motors, Ltd.

By _____
F. Matthew Jackson, Esq.

By _____
Matin Emouna, Esq.

SO ORDERED.

Dated: April 14, 2008

United States District Court Judge
Southern District of New York

**Exhibit "A"**

Case 7:08-cv-01262-KMK    Document 15    Filed 04/14/2008    Page 6 of 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HYUNDAI MOTOR FINANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FALCON MOTORS, INC., SAEID TEHRANI, ) <br> ARIEL TEHRANI, EDMOND GEULA AND ) <br> EXECUTIVE MOTORS, LTD. ) <br> ) <br> Defendants. | CIVIL ACTION NO. <br> 08-CIV-1262 |

## ORDER OF SEIZURE

Plaintiff, Hyundai Motor Finance Company, by its counsel, Deily, Mooney & Glastetter, LLP, having moved for an Order to Show Cause, Temporary Restraining Order and Order of Seizure pursuant to Rule 64 of the Federal Rules of Civil Procedure and CPLR §7101 *et seq.*, directing the U.S. Marshal or Sheriff of the County of Westchester, State of New York, or any other County within the State of New York where the property may be found, to seize certain property hereinafter defined; and

Upon the Complaint, the Motion for Order to Show Cause, the Supporting Memorandum of Law, the Temporary Restraining Order and Order of Seizure of Property Pursuant to Fed. R. Civ. P. 64 and the Affidavit of Sam Frobe sworn to February 6, 2008, submitted in support of Plaintiff's Motion for an Order to Show Cause, Temporary Restraining Order and Order of Seizure of Property; and, further, upon the Order to Show Cause and Temporary Restraining Order, signed on February 7, 2008, by the Hon. Kenneth M. Karas, Judge of the United States District Court for the District of New York and entered herein on February 7, 2008, and the Bond of Plaintiff, approved by the Court as to amount and filed herein and due and proper service of said Order on Defendants; and upon the filing of an Affidavit of Default pursuant to

the terms of the Stipulated Interim Order Regarding Motion for Pre-Judgment Order of Seizure; pursuant to a Stipulation Regarding Motion for Pre-Judgment Order of Seizure; and due deliberation having been had hereon, and good and sufficient cause having been shown,

NOW, upon the request of Plaintiff, and upon the foregoing matters filed of record herein; it is hereby

ORDERED, that pursuant to CPLR §7101 *et seq.*, after notice to the above referenced Defendants, the Court finds that there is a reasonable likelihood that the Plaintiff will prevail in the Replevin action, that the Bond required by law has been given by Plaintiff, that the amount of the Bond, $2,634,404.00 is based upon a reasonable valuation of the property of which Replevin is sought, the Bond required by law has been given by the Plaintiff based upon a Collateral valuation in the amount of $1,317,202.00, that the amount of the valuation is within the jurisdiction of the Court and further, that there is an immediate danger that the Defendants will damage, destroy or sell the property to be replevied, it is ordered that this Order of Seizure and Bond in the amount of $2,634,404.00 herein are approved and that the goods and chattels in the possession of the Defendants described in Plaintiff's Complaint may be replevied; and it is hereby

ORDERED, that the U.S. Marshal or Sheriff of the County of Westchester, State of New York, or of any other County within the State of New York where the property may be found, shall seize from the Defendants the following described property and place same with an appropriate storage facility. **All property subject to Plaintiff's priority security interest and described in Schedule "A" annexed hereto and made a part hereof (hereinafter the "Property")**; and it is further

ORDERED, that if any of the above-described Property is not delivered to the U.S.

Marshall or Sheriff, the U.S. Marshal or Sheriff may break open, enter and search for said property at Falcon Motors, Inc., 15 Kensico Drive, Mount Kisco, New York 10549 and Executive Motors, Ltd., 774 North Bedford, Mt. Kisco, New York 10549 or any other location where the Property may be found, and, if found therein, seize same as herein ordered; and it is further

ORDERED, that the U.S. Marshal or Sheriff may seize such Property which is located at Falcon Motors, Inc., 15 Kensico Drive, Mount Kisco, New York 10549 and Executive Motors, Ltd., 774 North Bedford, Mt. Kisco, New York 10549 or any other location where the Property may be found by entering said premises, serving a copy of this Order of Seizure on any person apparently in charge of the premises and posting a copy of this Order of Seizure on the premises and by securing such Property against removal by the Defendants, or anyone acting in concert with them, without removing the property from said premises; and may designate agents or employees of Plaintiff in custody or control of said Property on said premises to retain custody of and to safeguard such Property on said premises, which custody shall be deemed custody of the U.S. Marshal or Sheriff from the date and hour of his entry on the premises but shall be covered by the Bond given herein by Plaintiff; and it is further

ORDERED, that anyone interfering with the execution of this Order is subject to arrest by the Sheriff or United States Marshal and/or his or her representative; and it is further

ORDERED, that Hyundai Motor Finance Company, on whose behalf the Court issues this Order, will account completely for all property seized pursuant to this Order and shall compile a written inventory of all such property and shall provide a copy to the Sheriff or U.S. Marshal, who shall include such a copy with his return to the Court; and it is further

ORDERED, that Hyundai Motor Finance Company, on whose behalf the Court issues

this Order, will act as substitute custodian of any and all property seized pursuant to this Order and shall hold harmless the Sheriff or U.S. Marshals Service and their employees from any and all claims, asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Defendant property, including any third-party claims; and it is further

ORDERED, that the Temporary Restraining Order heretofore issued herein shall remain in effect as to all of the aforesaid property until same is seized by the U.S. Marshal or Sheriff or delivered to Plaintiff, upon the same grounds that the Order to Show Cause and Temporary Restraining Order was based; and it is further

ORDERED, that the Bond filed herein by Hyundai Motor Finance Company is approved as to form and amount to support this Order of Seizure, as well as the Temporary Restraining Order herein decreed.

**IT IS SO ORDERED.**

Dated: April 14, 2008

_____
Hon. Kenneth M. Karas
United States Magistrate Judge

## **SCHEDULE A**

1. All inventory, including but not limited to all new and used motor vehicles, campers, travel trailers, mobile homes and motor homes and all automotive parts and accessories, whether now owned or hereafter acquired, together with all additions and accessions thereto; and

2. All Chattel Paper, Accounts whether or not earned by performance, Contract Rights, Deposit Accounts, Documents, Instruments, General Intangibles, Investment Property, Consumer Goods, Equipment, Fixtures and Leasehold Improvements, whether now owned or hereafter acquired, together with all additions and accessions thereto; and

3. All Proceeds of the property covered by this statement, including but not limited to Insurance Proceeds on the property, Money, Chattel Paper, Goods including without limitation motor vehicles received in trade, Contract Rights, Accounts whether or not earned by performance, Deposit Accounts, Documents, Instruments, General Intangibles, Claims and Tort Recoveries relating to the property.