**MATIN EMOUNA, ESQ. (me3933)**
Attorney for Defendants
110 Old Country Road, Suite 3
Mineola, New York 11501
Tel (516) 877-9111
Fax (516) 877-9112

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

| | |
|---|---|
| HYUNDAI MOTOR FINANCE COMPANY ) | Hon. Kenneth M. Karas |
| ) | |
| Plaintiff ) | Case Number: |
| ) | 08 –CIV-1262 |
| ) | |
| ) | **Answer** |
| -AGAINST- ) | |
| ) | |
| FALCON MOTORS INC., SAEID TEHRANI ) | |
| ARIEL TEHRANI, EDMOND GUELA AND ) | |
| EXECUTIVE MOTORS LTD. ) | |
| ) | |
| DEFENDANTS ) | |

------------------------------------------------------------------

Defendant, SAEID TEHRANI, ARIEL TEHRANI, AND EXECUTIVE MOTORS LTD., hereinafter ("Defendants") by and through their attorney, Matin Emouna, Esq., for their Answer and Affirmative Defenses against Plaintiffs, state as follows:

**PARTIES**

1.      Defendants, are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of the Complaint and leave Plaintiffs to their proofs.

2.      Defendants, admit the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant, Saeid Tehrani, admits the allegations contained in Paragraph 3 of the Complaint

4.     Defendant, Ariel Tehrani, admits the allegations contained in Paragraph 4 of the Complaint

5.     Defendants, are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 5 of the Complaint and leave Plaintiffs to their proofs.

6.   Defendants, admit the allegations contained in Paragraph 6 of the Complaint

## JURISDICTION AND VENUE

7.     Paragraph 7 calls for a legal conclusion and does not require a response. Defendants, respectfully refers all issues of law and matters referred to therein including interpretations of cases, therein to the "Learned" court for determination.

8.     Paragraph 8 calls for a legal conclusion and does not require a response. Defendants, respectfully refers all issues of law and matters referred to therein including interpretations of cases, therein to the "Learned" court for determination.

## FIRST CAUSE OF ACTION

9.     Defendants, admit the allegations contained in Paragraph 9 of the Complaint

10.    Defendant, Saeid Tehrani, admits the allegations contained in Paragraph 10 of the Complaint

11.    Defendants, admit the allegations contained in Paragraph 11 of the Complaint

12.    Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 12 of the Complaint and leave Plaintiffs to their proofs. Additionally, answering defendant respectfully refers the Honorable Court to the contract documents for the terms and conditions of the Security Agreement.

13.    Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 13 of the Complaint and leave Plaintiffs to their proofs

as to whether or not Plaintiff has "properly" secured its interest. Additionally, answering defendant respectfully refers the Honorable Court to the UCC documents which document speaks for itself.

14. Defendants, deny the allegations contained in Paragraph 14 of the Complaint and leave Plaintiffs to their proofs.

15. Defendants, deny the allegations contained in Paragraph 15 of the Complaint and leave Plaintiffs to their proofs.

16. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 16 of the Complaint and leave Plaintiffs to their proofs, notwithstanding Defendants acknowledge receipt of said letter.

17. Defendants, deny the allegations contained in Paragraph 17 of the Complaint and leave Plaintiffs to their proofs.

18. Defendants, deny the allegations contained in Paragraph 18 of the Complaint and leave Plaintiffs to their proofs, as it is upon information and belief that the Plaintiff herein has provided incorrect and inaccurate figures.

19. Defendants, deny the allegations contained in Paragraph 19 of the Complaint and leave Plaintiffs to their proofs, as it is upon information and belief that the Plaintiff herein has provided incorrect and inaccurate figures.

## SECOND CAUSE OF ACTION

20. With regard to paragraph "20", Defendants, repeat, reiterates and reallege all of the information contained in paragraphs numbered "1" through "19" of the Answer with the same force and effect as if more fully set forth herein.

21. Defendants are without sufficient knowledge to either admit or deny the conclusury allegations contained in Paragraph 21 of the Complaint and leave Plaintiffs to their proofs. Additionally, answering defendant respectfully refers the Honorable Court to the contract documents for the terms and conditions of the Agreement.

22. Defendants, deny the allegations contained in Paragraph 22 of the Complaint and leave Plaintiffs to their proofs.

23. Defendants, deny the allegations contained in Paragraph 23 of the Complaint and leave Plaintiffs to their proofs.

24. Defendants, deny the allegations contained in Paragraph 24 of the Complaint and leave Plaintiffs to their proofs.

## THIRD CAUSE OF ACTION

25. With regard to paragraph "25", Defendants, repeat, reiterates and reallege all of the information contained in paragraphs numbered "1" through "24" of the Answer with the same force and effect as if more fully set forth herein.

26. Defendants admit that they executed the alleged documents contained in Paragraph 26 of the Complaint. Notwithstanding, Defendants respectfully refer the Honorable Court to the Guarantees documents for the terms and conditions of the Continuing Guarantees.

27. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 27 of the Complaint Notwithstanding, Defendants respectfully refer the Honorable Court to the Guarantees documents for the terms and conditions of the Continuing Guarantees.

28.     Defendants, deny the allegations contained in Paragraph 28 of the Complaint and leave Plaintiffs to their proofs.

29.     Defendants, deny the allegations contained in Paragraph 29 of the Complaint and leave Plaintiffs to their proofs.

## FOURTH CAUSE OF ACTION

30. With regard to paragraph "30", Defendants, repeat, reiterates and reallege all of the information contained in paragraphs numbered "1" through "29" of the Answer with the same force and effect as if more fully set forth herein.

31.     Defendants are without sufficient knowledge to either admit or deny the conclusury allegations contained in Paragraph 31 of the Complaint and leave Plaintiffs to their proofs. Additionally, answering defendant respectfully refers the Honorable Court to the contract documents for the terms and conditions of the Agreement.

32.     Defendants are without sufficient knowledge to either admit or deny the conclusury allegations contained in Paragraph 32 of the Complaint and leave Plaintiffs to their proofs. Additionally, answering defendant respectfully refers the Honorable Court to the contract documents for the terms and conditions of the Agreement.

33.     Defendants are without sufficient knowledge to either admit or deny the conclusury allegations contained in Paragraph 33 of the Complaint and leave Plaintiffs to their proofs. Additionally, answering defendant respectfully refers the Honorable Court to the contract documents for the terms and conditions of the Agreement.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted and Defendants, reserves the right to move at or before trial to dismiss the Complaint.

## SECOND AFFIRMATIVE DEFENSE

Defendants are informed and believe and on that basis allege that Plaintiff, is barred from obtaining relief by virtue of their own affirmative acts, and their expenses and implied consent with respect to the allegations contained in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are the result of their own acts, negligence and/or omissions. The plaintiff failed to properly mitigate its damages as such is barred from recovering against the Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Answering defendants are informed and believe and on that basis alleges that they have fully complied with all applicable standard of care with respect to the allegations made in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Service of the Summons and Complaint upon Defendants was improper. The Honorable Court lacks in personam jurisdiction over the Defendants.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff failed to adequately avoid any damages he allegedly sustained, such that any recovery must be reduced accordingly.

**SEVENTH AFFIRMATIVE DEFENSE**

The Defendants are not liable to the extent that the Plaintiff lack the requisite standing to assert the alleged claims against the Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

The Defendant is not liable to the extent that the Plaintiff's claims are barred by the doctrine of estoppel.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiff sustained no damages as the result of the conduct alleged in the Complaint and is not entitled to maintain any cause of action.

**TENTH AFFIRMATIVE DEFENSE**

Any damaged sustained by Plaintiffs were not reasonable foreseeable by the answering Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any damages sustained by Plaintiffs were caused by the acts and/or omissions of third-parties over whom the answering Defendants exercised no control.

**TWELFTH AFFIRMATIVE DEFENSE**

Any damages sustained by Plaintiffs were caused by intervening and/or superseding factors beyond the Defendants' control that relieve the answering Defendants from any liability in this action.

### THIRTEENTENTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiffs should be reduced by the amount that those parties have or shall receive from collateral sources and prepaid goods that are in the Plaintiffs possession and or exclusive control.

### FOURTEENTENTH AFFIRMATIVE DEFENSE

The Complaint does not set forth sufficient facts to allow the answering Defendants to determine all potential affirmative defenses. Accordingly, the answering Defendants reserve their right to assert additional affirmative defenses and/or withdraw or modify the defenses stated herein if and when such information is ascertained through discovery.

**WHEREFORE**, Defendants, demand judgment as follows:

(1)  That the Complaint of the Plaintiff be dismissed in its entirety.

(2)  Awarding defendants the costs and disbursements of this action.

(3)  Granting such and further relief as to the Court may seem proper.

Mineola, New York
July 10, 2008

*/s/ Matin Emouna/*
**MATIN EMOUNA (me3933)**
Attorney for Defendants
110 Old Country Road, Suite 3
Mineola, New York 11501
Tel (516) 877-9111

To
F. Matthew Jackson, Esq.
Deiley, Mooney & Glastetter
8 Thurlow Terrace
Albany, New York 12203
Tel (518) 436-0344

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HYUNDAI MOTOR FINANCE COMPANY )
                              )     HON. KENNETH M. KARAS
                    Plaintiff )
                              )     Case Number:
                              )     08 –CIV-1262
      -AGAINST-               )
                              )
                              )
FALCON MOTORS INC., SAEID TEHRANI )
ARIEL TEHRANI, EDMOND GUELA AND )
EXECUTIVE MOTORS LTD.         )
                              )
                    DEFENDANTS )

---

STATE OF NEW YORK       )
                        ) SS:
COUNTY OF NASSAU        )

ELIZABETH SCHAEFER, being duly sworn deposes and says that:

1. That deponent is not a party to this action.

2. That deponent is over 18 years old and has addresses at 110 Old Country Road, Mineola, New York 11501

3. That on July 10, 2008 served the within Answer upon :

> F. Matthew Jackson, Esq.
> Deiley, Mooney & Glastetter
> 8 Thurlow Terrace
> Albany, New York 12203

at the address designated by said attorney for that purpose by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, in the post office/official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Elizabeth Schaefer

Sworn to before me on this the
10th of July 2008

_____
MATIN EMOUNA
Notary Public No. 01EM5049457
Notary Public State of New York
Commission Expires September 18, 2009